UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMANDA DIFRANCO,

Plaintiff, Docket No.: 23-cv-3912

-against- **COMPLAINT**

RESTAURANT MANAGEMENT, INC. d/b/a BOHLSEN RESTAURANT GROUP, DESIREE KAISEN as aider and abettor, and FRANCISCO BELCASTRO as aider and abettor,

Defendants. **JURY TRIAL DEMANDED**

-----------------------------------------------------------------X

Plaintiff AMANDA DIFRANCO ("Plaintiff"), by and through her attorneys VALLETTI & ASSOCIATES, LLC, hereby alleges violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the New York State Human Rights Law ("HRL") as against Defendant RESTAURANT MANAGEMENT GROUP, INC. d/b/a BOHLSEN RESTAURANT GROUP, ("BOHLSEN"), Defendant DESIREE KAISEN ("KAISEN"), as aider and abettor, and Defendant FRANCISCO BELCASTRO ("BELCASTRO") as aider and abettor, (collectively referred to as "Defendants") as follows:

## INTRODUCTION

1. This civil action arises from Defendants' flagrant and willful actions committed in violation of Plaintiff's rights guaranteed to her by Title VII and the NYSHRL, and any other claim(s) that can be inferred from the facts set forth herein.
2. Defendants committed the aforementioned violations of these statutes by engaging in an intentional, willful and systematic scheme to violate Plaintiff's rights.

3. Plaintiff alleges, pursuant to Title VII, that she is entitled to recover (1) back pay, (2) emotional distress damages, (3) attorney's fees and costs, and (4) interest.
4. Plaintiff alleges that Defendants herein acted, willfully, wantonly, and with malice or with reckless indifference to Plaintiff's rights, and that due to the intentional nature of the Defendants' conduct, Plaintiff is also entitled to punitive damages under Title VII.
5. Plaintiff alleges, pursuant to the NYSHRL, that she is entitled to recover (1) back pay, (2) emotional distress damages, (3) attorney's fees and costs, and (4) interest.
6. Plaintiff alleges that Defendants herein acted, willfully, wantonly, and with malice or with reckless indifference to Plaintiff's rights, and that due to the intentional nature of the Defendants' conduct, Plaintiff is also entitled to punitive damages under NYSHRL.

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; (iii) under 29 U.S.C. § 201 et. seq.
8. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 (a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.
9. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also

proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this District.

## ADMINISTRATIVE REQUIREMENTS

10. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about February 12, 2020.

11. After investigation, the EEOC issued a determination that there was probable cause to believe Defendants violated Title VII based on the conduct described, *infra*.

11. Plaintiff received a "Right to Sue" letter from the EEOC on March 3, 2023, thus, the deadline to file this lawsuit would be 90 days thereafter, i.e., June 1, 2023, and this complaint is timely filed.

## PARTIES

12. At all times hereinafter mentioned, Plaintiff was and is a resident of the State of New York, residing in Suffolk County.

13. Defendant BOHLSEN is an incorporated business entity organized and existing under the laws of the State of New York, having a Service of process address 577 Main Street, Islip, Suffolk County, NY, 11751per the New York State Department of State's website.

14. Defendant BOHLSEN maintains its headquarters at 577 Main Street, Islip, Suffolk County, NY, 11751.

15. Defendant BOHLSEN is an employer within the meaning of Title VII.

16. Defendant BOHLSEN is an employer within the meaning of the NYSHRL.

17. Defendant BOHLSEN operates a restaurant known as "PRIME AN AMERICAN KITCHEN & BAR" (hereinafter "Prime Restaurant") located at 117 North New York Avenue, Huntington, Suffolk County, NY 11743.

18. Upon information and belief, Defendant BOHLSEN founded, owns, manages, and oversees operations for Prime Restaurant.
19. Upon information and belief, Defendant BOHLSEN handles all aspects of hiring, firing, and disciplining of employees, as well as the pay practices for Prime Restaurant.
20. At all relevant times, Defendant KAISEN was and is an employee of Defendants and bar manager at Prime Restaurant; she was Plaintiff's direct supervisor.
21. At all relevant times, Defendant KAISEN acted within the scope of her employment with Defendant BOHLSEN.
22. At all relevant times, Defendant KAISEN's conduct herein was within her capacity as agent, assign, representative, employee, and/or independent contractor of Defendant BOHLSEN, and as such, under the doctrine of respondeat superior, Defendant BOHLSEN liable to Plaintiff for the conduct of Defendant KAISEN.
23. At all relevant times, Defendant BELCASTRO was and is an employee of Defendants and bar manager at Prime Restaurant; he was Plaintiff's direct supervisor.
24. At all relevant times, Defendant BELCASTRO acted within the scope of her employment with Defendant BOHLSEN.
25. At all relevant times, Defendant BELCASTRO's conduct herein was within her capacity as agent, assign, representative, employee, and/or independent contractor of Defendant BOHLSEN, and as such, under the doctrine of respondeat superior, Defendant BOHLSEN liable to Plaintiff for the conduct of Defendant BELCASTRO.
26. Defendants all form a single statutory employer under Title VII.
27. Defendants all form a single statutory employer under the NYSHRL.

## FACTS

28. Defendant hired Plaintiff at the beginning of April 2019 as a bartender.

29. In getting hired, Plaintiff spoke with Defendant KAISEN, the bar manager, about the open bartending position; Defendant KAISEN informed Plaintiff that the restaurant needed more bartenders because they were not planning on hiring back staff that was previously employed over the prior summer.

30. In the weeks following her hire, Plaintiff performed at a high level.

31. Defendant KAISEN, Plaintiff's manager at the time, told Plaintiff that because she had performed so well, Plaintiff could pick up more bartending shifts.

32. Defendant KAISEN and Defendant FRANCESCO BELCASTRO ("BELCASTRO"), another of Defendant's managers, agreed to give Plaintiff a total of five shifts, an increase of two to three more than she originally worked at the time Defendants hired her.

33. Plaintiff worked Saturday, May 11, 2019 and Sunday, May 12, 2019, of Mother's day weekend and received positive feedback from almost all of the staff and managers that were on duty during her shifts.

34. Specifically, the servers and another manager named "Joe" (last name currently unknown) said Plaintiff did a great job, even better than the other bartenders that had been there for some time.

35. That Monday, May 13, 2019, Plaintiff went into work and noticed she was not on the schedule for the following week.

36. Plaintiff first contacted Defendant KAISEN via text to inquire as to why she was not scheduled; Defendant KAISEN never responded to Plaintiff's text.

37. Upon receiving no response from Defendant KAISEN, Plaintiff then contacted Defendant BELCASTRO via "Hotschedules.com" – a service used in the restaurant industry to disseminate work schedules to employees – to inquire as to why she was not scheduled; Defendant BELCASTRO never responded to Plaintiff.

38. The next day, Tuesday, May 14, 2019, Plaintiff was on-call and had been called-off through the scheduling system.

39. Plaintiff went into the restaurant anyway and confronted Defendant KAISEN regarding the schedule and being called-off.

40. Defendant KAISEN apologized for not getting back to Plaintiff and said it was because her dog almost had to be put down and "Hotschedules.com" had allegedly been malfunctioning.

41. Plaintiff asked if everything was alright and if she had done anything wrong; Defendant KAISEN responded that everything was fine.

42. Defendant KAISEN stated she would get back to Plaintiff the following day, Wednesday, May 15, 2019, about the schedule.

43. The following day, Defendant KAISEN spoke with Plaintiff and told her that she had been let go because the restaurant had hired back someone from the summer staff and they had "seniority" over Plaintiff.

44. Plaintiff protested, reminding Defendant KAISEN of what she had said at hiring, i.e. that the restaurant was not hiring back summer staff.

45. Defendant KAISEN did not offer a response to Plaintiff, just expressed that she was sorry that Plaintiff had been let go by Defendants.

46. That night, Plaintiff went home and looked for jobs on Indeed.com; she saw that Defendants' restaurant that she had been working at, known as "Prime An American Kitchen & Bar," had posted an ad looking for a bartender less than a week prior to her termination. See **Exhibit A** hereto.

47. Additionally, Plaintiff's then-boyfriend Ray Odierna ("O'dierna") contacted Greg Crema, ("Crema") the manager at "Tellers An American Chophouse" (another of Defendants' restaurants); Plaintiff had worked alongside Crema at Rare650 (yet another of Defendants' restaurants) to see if he had any information as to why Plaintiff had been fired.

48. Crema responded to Odierna's text by stating "Owners heard about a law suit Amanda is in against **[REDACTED]** so they cut her off. Feel bad. I don't want to tell her." See **Exhibit B** hereto.

49. The "lawsuit" was, in actuality, a then-pending EEOC Charge against a different prominent restaurant group in New York for allegations of discrimination, harassment, and retaliation.

50. Thus, Defendants had actual notice of Plaintiff's protected activity of filing the EEOC charge.

51. Plaintiff secured another job soon after Defendants' retaliatory termination; while working one evening, another former employee of Defendants came in and spoke to Plaintiff and stated to Plaintiff "I am sorry to hear what [Defendants] did to you, it was really messed up."

52. Plaintiff asked this former employee what she had heard, and the former employee stated that Defendant BELCASTRO was told by upper management to "get rid" of Plaintiff because they had heard what was happening with the other prominent restaurant group and that they "didn't want it to happen with Bohlsen."

53. The former employee then stated Defendant BELCASTRO did not want to say it to Plaintiff's face so he made Defendant KAISEN do it.

54. Defendant KAISEN, while acting in the scope of her employment and on behalf of Defendant BOHLSEN, terminated Plaintiff.

55. Defendant BELCASTRO, while acting in the scope of his employment and on behalf of Defendant BOHLSEN, terminated Plaintiff.

56. Defendants' actions were in response to Plaintiff's protected activity of filing a charge of discrimination, harassment, and retaliation.

57. Defendants herein acted willfully, wantonly, and with malice or with reckless indifference to Plaintiff's rights; thus, Plaintiff also seeks punitive damages as a result of Defendants' conduct.

58. As a direct and proximate result of Defendant's actions, Plaintiff suffered financial and emotional harm, which even manifested physically.

## CAUSES OF ACTION
## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII 42 U.S.C. § 2000e-3
## Against All Corporate Defendants

59. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

60. Defendants' conduct herein violates Title VII 42 U.S.C. §2000-e (a), which states:

- Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job

training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

61. Plaintiff engaged in protected activity by filing a charge of discrimination, harassment, and retaliation.

62. Defendants had actual or constructive knowledge of Plaintiff's protected activity.

63. Defendants terminated Plaintiff due to her having engaged in protected activity.

64. Defendants' conduct herein was intentional, willful, and with reckless disregard for Plaintiff's rights.

65. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages.

**COUNT II**
**RETALIATION IN VIOLATION OF NYS EXECUTIVE LAW §296(7)**
**Against All Defendants**

66. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.

67. Defendants' conduct herein violates New York State Executive Law §296(7), which states:

- It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article. Retaliation may include, but is not limited to, disclosing an employee's personnel files because he or she has opposed any practices forbidden under this

article or because he or she has filed a complaint, testified or assisted in any proceeding under this article, except where such disclosure is made in the course of commencing or responding to a complaint in any proceeding under this article or any other civil or criminal action or other judicial or administrative proceeding as permitted by applicable law.

68. Plaintiff engaged in protected activity by filing a charge of discrimination, harassment, and retaliation.
69. Defendants had actual or constructive knowledge of Plaintiff's protected activity.
70. Defendants terminated Plaintiff due to her having engaged in protected activity.
71. Defendants' conduct herein was intentional, willful, and with reckless disregard for Plaintiff's rights.
72. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages.

**COUNT III**
**AIDING AND ABETTING RETALIATION IN VIOLATION OF**
**NYS EXECUTIVE LAW §296(6) against Defendants Kaisen And Belcastro**

73. Plaintiff repeats and realleges the allegations contained in the above paragraphs as if fully set forth herein.
74. Defendants' conduct herein violates New York State Executive Law §296(6), which states:
    - It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so.
75. Plaintiff engaged in protected activity by filing a charge of discrimination, harassment, and retaliation.
76. Defendants had actual or constructive knowledge of Plaintiff's protected activity.

77. Defendants terminated Plaintiff due to her having engaged in protected activity.
78. Defendants' conduct herein was intentional, willful, and with reckless disregard for Plaintiff's rights.
79. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Demand a jury trial on these issues to determine liability.

B. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs and usages set forth herein.

C. A judgment that the practices complained of herein are unlawful and in violation of Title VII and the New York State Human Rights Law.

D. An award to the Plaintiff for the amount of unpaid wages, including interest thereon, and penalties subject to proof.

E. An award of punitive damages pursuant to the Title VII and the New York State Executive Law.

F. All damages which Plaintiff sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits she would have received but for Defendants' conduct.

G. An award to Plaintiff of compensatory damages, including but not limited to damages for emotional pain and suffering.

H. An award to Plaintiff of pre-judgment interest at the highest rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due.

I. An award of punitive damages for willful violations of law.

J. Awarding Plaintiff his costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs.

K. Pre-judgment and post-judgment interest, as provided by law; and

L. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated: May 25, 2023
Patchogue, NY

Respectfully Submitted,

**Valletti & Associates, LLC**
Attorneys for Plaintiff
40 W. 4th Street, Suite 42
Patchogue, NY 11772
P: (516) 666-0246
F: (516) 758-1117

BY: /s/ Robert P. Valletti
Robert P. Valletti (RV-1847)